[Civ. No. 68335. Second Dist., Div. Five. Nov. 4, 1983.]

ELTON M. DAGGS, JR., Plaintiff and Appellant, v.
FOREMOST INSURANCE COMPANY, Defendant and Respondent.

COUNSEL

Barry M. Schiller for Plaintiff and Appellant.

Staitman & Snyder, Jack M. Staitman and Ernest Allen Wish for Defendant and Respondent.

OPINION

**ASHBY, J.**—This action is brought directly against the liability insurer of the party alleged to be liable for plaintiff's personal injuries. The trial court granted summary judgment in favor of the insurer, on the ground that the insurance policy clearly and unambiguously excluded coverage of the liability in question, and therefore the insurer had no duty to defend or indemnify the insured. Plaintiff appeals.[1]

On May 19, 1974, plaintiff Elton M. Daggs, Jr., was competing in a motocross motorcycle race at Valley Cycle Park, a motorcycle racing park operated by Muntz Motor Cycle Parks, Inc. (hereinafter Muntz). Plaintiff was injured while operating his motorcycle when he collided with a chain link barrier fence surrounding the motorcycle course.

Plaintiff commenced an action against Muntz alleging that the chain link fence was negligently designed and constructed and a dangerous and defective condition likely to cause injury to persons using the motorcycle park, and that plaintiff was injured thereby.

Muntz' liability insurer, defendant Foremost Insurance Company, refused to defend Muntz, on the ground the liability was clearly excluded from policy coverage. Plaintiff settled with Muntz and as a part of that settlement received an assignment of Muntz' causes of action against Foremost for breach of contract and bad faith. Plaintiff then brought this action against Foremost for declaratory relief, breach of contract, and bad faith.

Foremost issued Muntz a "General-Automobile Liability Policy" effective for a policy period of one year from November 14, 1973. Describing the insured's operations as "Motorcycle Park rated as recreational park or playground Code No. 0301b" and "Motorcycle Racing Code No. 0300s," the policy provided owners', landlords' and tenants' liability coverage and

---

[1]We treat plaintiff's premature notice of appeal as being from the subsequently entered judgment. (Cal. Rules of Court, rule 2(c).)

personal injury liability coverage. The general promise of the policy was to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of [¶] A. bodily injury or [¶] B. property damage [¶] to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage . . . ."

However, the policy contained three specific exclusions applicable to this case, exclusion (c), endorsement No. 4, and endorsement No. 7.

Under "Exclusions," the policy states: "This insurance does not apply: [¶] . . . . [¶] (c) to bodily injury or property damage arising out of (1) the ownership, maintenance, operation, use, loading or unloading of any mobile equipment while being used in any prearranged or organized racing, speed, or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity . . . ."

Indorsement No. 4 states: "In consideration of the premium for which this policy is written, it is understood and agreed that as respects *motorcycle racing*, Code 0300s per Schedule L 6416 coverage for bodily injury liability *excludes* any coverage for any person injured while practicing for or participating in any race, contest or exhibition and immediate medical and surgical relief to any person injured." (Italics in original.)

Indorsement No. 7 provides: "In consideration of the premium for which this policy is written, it is agreed that this policy shall not apply under Coverages A or P to injury sustained by any person while participating in an organized racing event nor to immediate medical [*sic*] associated with such injury as provided under Supplementary Payments."

■ It is clear from plaintiff's allegations against Muntz in the underlying action, and his responses to requests for admissions in the instant case, that plaintiff was injured while operating his motorcycle in an organized racing event at the insured's facilities. This being the case, the policy unambiguously excludes coverage of plaintiff's accident.

To avoid the specific policy exclusions, plaintiff misplaces reliance upon the principles of *State Farm Mut. Auto. Ins. Co.* v. *Partridge* (1973) 10 Cal.3d 94 [109 Cal.Rptr. 811, 514 P.2d 123]. In that case the insured, a hunter, filed down the trigger mechanism of his pistol so that the gun would have " 'hair trigger action.' " (*Id.*, at p. 97.) While driving in the countryside in his four-wheel-drive vehicle with a passenger sitting next to him, he

hunted jack rabbits by shooting from the windows of the moving vehicle, his modified pistol in hand. While chasing a rabbit over rough terrain, he hit a bump, and the pistol discharged, wounding the passenger. It was clear that the insured's automobile liability policy covered the accident, but the issue presented was whether his homeowner's policy, which had a higher limit, also provided coverage. The homeowner's policy had an exclusion for " 'bodily injury . . . arising out of the . . . use of . . . any motor vehicle.' " (*Id.*, at pp. 98-99.)

The Supreme Court found that the homeowner's policy provided coverage notwithstanding the exclusion, based on the fact that the insured had been negligent both in modifying the gun by filing its trigger mechanism and in driving his vehicle off the paved road onto the rough terrain, these two negligent acts constituting independent concurrent proximate causes of the injuries. (*Id.*, at pp. 99, 102.) The Supreme Court concluded, "[A]lthough the accident occurred in a vehicle, the insured's negligent modification of the gun suffices, in itself, to render him fully liable for the resulting injuries. Under these facts the damages to [the passenger] are, under the language of the homeowner's coverage clause, 'sums which the Insured . . . [became] legally obligated to pay' because of the negligent filing of the trigger mechanism; inasmuch as the liability of the insured arises from his non-auto-related conduct, and exists independently of any 'use' of his car, we believe the homeowner's policy covers that liability." (10 Cal.3d at p. 103; first brackets ours.)

Thus, in order for *Partridge* to apply, there must be two negligent acts or omissions of the insured, one of which, independently of the excluded cause, renders the insured liable for the resulting injuries. (*State Farm Fire & Cas. Co. v. Camara* (1976) 63 Cal.App.3d 48, 54-55 [133 Cal.Rptr. 600]; *National Indemnity Co. v. Farmers Home Mutual Ins. Co.* (1979) 95 Cal.App.3d 102, 108-109 [157 Cal.Rptr. 98]; *Safeco Insurance Co. v. Gilstrap* (1983) 141 Cal.App.3d 524, 530 [190 Cal.Rptr. 425]; *Hartford Fire Insurance Co. v. Superior Court* (1983) 142 Cal.App.3d 406, 415 [191 Cal.Rptr. 37].)

Therefore plaintiff's attempted analogy to *Partridge* is inapt. Plaintiff argues that the allegedly negligent design and construction of the chain link fence was independent of plaintiff's "participation in a 'racing event,' " and that therefore *Partridge* applies. We disagree. The only reasonable interpretation of the allegations of plaintiff's underlying complaint is that Muntz failed to make the motorcycle course safe for the organized racing event in which plaintiff was participating. There is but one negligent act of the insured, not two as in *Partridge*, and this cause of the injuries is not independent of the policy exclusion. The instant case is more nearly analogous to

*State Farm Fire & Cas. Co. v. Camara, supra,* 63 Cal.App.3d at page 53, where the insured "started with a 1970 Volkswagen and 'designed, constructed and assembled' it into a dune buggy . . . ." While driving the dune buggy, the insured was involved in an accident which injured a passenger. The court distinguished *Partridge* and concluded that the homeowner's policy did not cover the accident, stating: "As *Partridge* held, the nonvehicle-related cause must be independent of the vehicle-related cause in order for the liability to be covered by the homeowner's policy. Although the operation or use of the dune buggy was not the sole cause of the accident, any contributing *design* cause was dependent upon such operation or use, such that any liability for negligent design necessarily arose out of the operation or use of the motor vehicle." (*Id.,* at pp. 54-55; fn. omitted; italics in original.) So also in this case, the alleged failure to design a course which was safe for racers cannot be dissociated from the specific exclusions in the policy for injuries to racers.

This case is also distinguishable because the exclusions in the policy relate specifically to the status or activity of the *injured party.* Under indorsements Nos. 4 and 7, coverage is excluded for any *person injured* while he is participating in an organized racing event. The fact that a casual or recreational motorcyclist injured by the same fence would apparently be covered by the policy is of no assistance to plaintiff, since participants in organized racing events are clearly excluded. The question is not the duty or liability of Muntz, but only the extent of insurance coverage. ■ "[T]he insurance policy does not purport to regulate the theory of liability or the standard of causation, but only to specify the events upon which an otherwise covered liability is excluded . . . ." (*Safeco Insurance Co. v. Gilstrap, supra,* 141 Cal.App.3d at p. 530.)[2]

■ Finally, plaintiff contends a triable issue of fact as to whether the exclusion clauses were ambiguous was raised by evidence of the premium charged for the insurance. Plaintiff relies on the schedule page of the insurance policy in which the operations of the insured are described as "Motorcycle Park rated as recreational park or playground" *and* "Motorcycle Racing." He infers from the schedule page that "Motorcycle Racing" was arguably "Incl[uded]" in the $7,000 premium charged. There is no ambiguity, however, because indorsement No. 4 makes specific reference to the schedule and the premium, and unambiguously excludes coverage for any person injured while participating in a race or contest. (See indorsement No. 4, quoted p.729, *ante.*)

[2]Thus there is no merit to plaintiff's contention that Foremost's alleged handling of three other claims as disclosed in the discovery process raised a question of fact as to ambiguity of the exclusion clauses. None of the other three claims was shown to involve a participant in an organized racing contest as distinguished from a casual recreational rider.

The judgment is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 16, 1984. Bird, C. J., and Broussard, J., were of the opinion that the petition should be granted.