**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMPLOYERS INSURANCE COMPANY OF WAUSAU, | No. 14-56454 |
| Plaintiff-Appellant, | D.C. No. 5:10-cv-00810-VAP-DTB |
| v. | |
| LEXINGTON INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Argued and Submitted December 9, 2016
Pasadena, California

Before: CALLAHAN, BEA, and IKUTA, Circuit Judges.

Employers Insurance Company of Wausau (Wausau) appeals the district

court's entry of summary judgment in favor of Lexington Insurance Company

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(Lexington) in this equitable contribution action. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The accident report prepared by the California Department of Industrial Relations Division of Occupational Health is admissible evidence, *see* Fed. R. Evid. 803(8); Cal. Labor Code § 6313(a), and therefore the district court did not err in considering it, *see* Fed. R. Civ. P. 56(c).

The district court did not err in concluding that Lexington had no duty to indemnify the insured. There is no genuine issue of material fact as to whether "earth movement" at least "contributed to" or "aggravated" the bodily injuries in issue, and the Lexington policy's subsidence exclusion therefore applies. *See id.* 56(c)(1); *id.* 56(e)(2). The district court did not err in concluding that the concurrent causation doctrine is inapplicable because Wausau failed to adduce any evidence of "two negligent acts or omissions of the insured, one of which, independently of the excluded cause, renders the insured liable for the resulting injuries." *Daggs v. Foremost Ins. Co.*, 148 Cal. App. 3d 726, 730 (1983).

The district court did not err in concluding that Lexington had no duty to defend the insured. The Lexington policy's excess-only other-insurance provision was narrowly focused on risks associated with auto accidents, which were generally outside the scope of Lexington's CGL policy, and did not conflict with

2

an other-insurance provision in the Wausau policy. Therefore, the provision was enforceable under California law. *Hartford Cas. Ins. Co. v. Travelers Indem. Co.*, 110 Cal. App. 4th 710, 725–27 (2003). In *Federal Insurance Co. v. Lexington Insurance Co.*, No. 5:11-cv-895 (C.D. Cal. 2011), Lexington argued that a broad escape-clause other-insurance provision was not enforceable; such an argument is not clearly inconsistent with the one Lexington raises here, and therefore Lexington is not judicially estopped from reliance on its other-insurance provision here. *Hendricks & Lewis PLLC v. Clinton*, 766 F.3d 991, 1001 (9th Cir. 2014).

Wausau's pending motion for judicial notice is GRANTED IN PART as to the memorandum of points and authorities and DENIED IN PART in all other respects.

**AFFIRMED**.